**David WHITWAM, Plaintiff,**

v.

**JETCARD PLUS, INC., a Florida corporation, Defendant.**

**Case No. 14–CV–22320.**

United States District Court, S.D. Florida.

Signed Jan. 14, 2015.

Daniel Wayne Matlow, Hollywood, FL, for Plaintiff.

Arnel V. Ortega, Bay Harbor Islands, FL, for Defendant.

### ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

ALICIA O. VALLE, United States Magistrate Judge.

THIS MATTER is before the Court upon Defendant's Motion for Protective Order (ECF No. 38) (the "Motion"). United States District Judge Beth Bloom referred the Motion to the undersigned for disposition. *See* (ECF No. 40). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 42), and Defendant's reply (ECF No. 43), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth below.

### BACKGROUND

On November 13, 2014, the District Judge entered a final judgment in favor of Plaintiff. *See* (ECF No. 34). The current dispute relates to post-judgment discovery sought by Plaintiff in aid of execution. On Friday, November 14, 2014, Plaintiff served Defendant with Plaintiff's First Request for Production of Documents (the "Document Requests"). *See* (ECF No. 42–1 at 6–7). Accordingly, pursuant to Rule 34, Defendant's response to the Document Requests was due by December 15, 2014. *See* Fed. R. Civ. Pro. 34(b)(2) (providing that a party must respond in writing within 30 days after being served). Mistakenly believing that the deadline to respond was December 17th,[1] on December 16, 2014, defense counsel contacted Plaintiff's counsel to request a 30–day extension of time to respond to the Document Requests. *See* (ECF No. 43 at 2). Plaintiff would not agree to an extension. *Id.*

Instead, on December 18, 2014, Plaintiff filed a Motion to Compel responses to the Discovery Requests. *See* (ECF No. 36). On the same date, Defendant indicated that it had served responses to Plaintiff's discovery demands, albeit after Plaintiff had filed its motion. *See* (ECF No. 38 at 2). On December 19, 2014, the undersigned denied, in part, Plaintiff's Motion to Compel (ECF No. 36), based on Defendant's production of documents. *See* (ECF No. 41). Plaintiff's Motion to Compel was denied without prejudice to the extent that Plaintiff sought waiver of Defendant's objections based on Defendant's failure to timely respond to the Discovery Requests. *Id.* The Court also reserved ruling on the instant Motion (ECF No. 38), which is now ripe for disposition. *Id.*

Plaintiff's Document Requests contained 16 categories. *See* (ECF No. 42–1). Since the filing of the Motion, Defendant has produced balance sheet and income statements responsive to Document Requests 5 and 6, and Defendant withdraws its Motion as to these Requests.[2] Accordingly, the only matters at issue are Requests 1, 3 and 4, and Plaintiff's request for attorney's fees pursuant to Rule 37.

### ANALYSIS

In the instant Motion, Defendant seeks an order to protect Defendant from "annoyance,

---

**1.** Defense counsel calculated the deadline to respond to the Requests using Monday, November 17, 2014 as the service date. This is the date he actually received the Requests by email. *See* (ECF No. 38 at 1). Counsel was unaware, however, that the Requests had also been faxed to him late afternoon on Friday, November 14, 2014. *See* (ECF No. 42–1 at 7). The difference

between the resulting deadlines is two business days (Dec. 15 v. Dec. 17).

**2.** In his response, Defendant indicates that it has no documents responsive to Request 2 and Requests 7 to 13. *See* (ECF No. 42–2 at 2, 5–6). Thus, those Requests are not at issue. Defendant cannot produce what it does not have.

oppression and undue burden" and to protect Defendant's proprietary and confidential information. *See* (ECF No. 38 at 3).

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See* Fed.R.Civ.P. 26(b)(1); *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985). Federal Rule 26 also provides, in relevant part, that the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R.Civ.P. 26(c)(1). Courts in this District generally find that failure to timely respond to discovery requests results in a waiver of any objections. *See, e.g., Stone v. Zimmer,* No. 09–CIV–80252, 2009 WL 9567924 (S.D.Fla. Dec. 4, 2009) (Hopkins, Mag. J.) (concluding that untimely objections were waived, but narrowing the scope of the discovery demands); *see also* Fla. L.R. 26.1(g)(3)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."); Fla. S.D. L.R. app. A. Discovery Practices Handbook I.D.3 ("When objections are untimely made, they are waived.").

In this case, Defendant concedes that its response to the Document Requests was late, *see* (ECF No. 43 at 2), but nonetheless seeks a protective order against producing documents responsive to Requests 1, 3 and 4. *Id.* Plaintiff argues that the Motion is untimely and that any objections should be considered waived. *See* (ECF No. 42). Plaintiff alternatively argues that, if the Court considers Defendant's objections on the merits, the objections are nonetheless improper and should be overruled. *Id.*

■ On this record and without evidence of prejudice to Plaintiff, the Court is not inclined to find that Defendant waived its objections based on a two business-day delay. Accordingly, the Court will not consider Defendant's objections to be waived and reviews Defendant's objections on the merits.

### A. Requests 1, 3 and 4 are Appropriate

■ Federal Rule of Civil Procedure 69 expressly provides that in aid of the judgment or execution, the judgment creditor may obtain discovery form any person, in-

cluding the judgment debtor, as provided in the Federal Rules of Civil Procedures or by the procedure of the state where the Court is located. See Fed.R.Civ.P. 69(a)(2). The scope of discovery under Rule 69 is broad. *See e.g., STG Secure Trading Group, Inc. v. Solaris Opportunity Fund, LP,* No. 06–81018–CIV, 2007 WL 3131335, at *2 (S.D.Fla. Oct. 24, 2007); 12 Wright & Miller, Federal Practice and Procedure § 3014 (2d ed.2013).

Request 1 seeks an electronic copy of Defendant's accounting software file(s) (such as QuickBooks, Quicken, and the like) containing Defendant's financial data for the past three years. *See* (ECF No. 42 at 3). Request 3 seeks Defendant's accounts payable ledgers or reports (identifying the names of the payees) for the last three years. *Id.* Request 4 seeks Defendant's general ledger for the last three years. *See* (ECF No. 42–2 at 4).

### 1. Production of Documents Dating Back Three Years is Appropriate

All three Requests seek information for the past three years. *See* (ECF No. 41–1). Florida Form 1.977—part of the Florida Rules of Civil Procedure made applicable to these proceedings by Rule 69—specifically requires a judgment debtor to provide three years of tax returns and three years of bank account statements. Plaintiff relies on Form 1.977 and submits that three years of financial information is necessary to identify Defendant's historical revenue streams and to determine whether any of those revenue streams have been diverted. *See* (ECF No. 42 at 15).

■ Against this backdrop, the undersigned agrees with Plaintiff and finds that requiring Defendant to produce information for three years is appropriate. Consequently, Defendant's objection to the three year period is overruled. Defendant shall produce responsive documents from 2012 through the present.

### 2. The Requests are Relevant and Not Unduly Burdensome

■ Defendant also objects to Request 1, 3 and 4 as unduly burdensome and not rea-

sonably calculated to lead to the discovery of information in aid of execution. *See* (ECF No. 38 at 3–4). The Court finds that materials responsive to Requests 1, 3 and 4 (while potentially overlapping) are independently relevant in aid of execution as responsive materials may identify Defendant's historical conduct, any potential financial transfers made by Defendant and Defendant's deposits and disbursals. Thus, Defendant's objections as to relevance and burdensomeness are overruled. By the date set below, Defendant shall produce all materials responsive to Requests 1, 3 and 4.

### 3. A Protective Order Would Address Defendant's Confidentiality Concerns

Defendant objects to producing documents responsive to Requests 3 and 4 on the basis that these Requests seek proprietary or confidential information and there is no "mutually acceptable confidentiality agreement and protective order" in place. *See* (ECF Nos. 38 at 3–4 and 42–2 at 4). To address Defendant's confidentiality concerns, by the date set below, the parties shall meet and confer in good faith to jointly submit to the Court a proposed confidentiality and protective order. Accordingly, Defendant's Motion for a Protective Order is granted in part.

### B. Plaintiff's Request for Attorneys' Fees

Plaintiff seeks to recover attorneys' fees incurred in responding to the Motion. *See* (ECF No. 42 at 19–20). Federal Rule of Civil Procedure 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery.[3] The payment of the moving party's expenses is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). A court has wide latitude in imposing sanctions for failure to comply with discovery. *Mary-*

*land Cas. Co. v. Shreejee Ni Pedhi's, Inc.,* 2013 WL 3353319, *4 (M.D.Fla. July 2, 2013).

Under the facts of the instant Motion, the Court will refrain from imposing costs on Defendant. As noted above, it was a two business-day delay, without evidence of prejudice to Plaintiff. Defendant admitted that its delay in responding to Plaintiff's initial Document Requests was in error. *See* (ECF No. 43 at 2). On the same day that Plaintiff filed his Motion to Compel (ECF No. 36), Defendant filed the instant Motion (ECF No. 38).

Since the filing of the Motion, Defendant has produced materials responsive to some of the Document Requests (Requests 5 and 6) and the issues were narrowed to Requests 1, 3 and 4. On this record, the Court finds that imposing sanctions would be unjust. Consequently, Plaintiff's request for attorney's fees in connection with the Motion is denied

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Protective Order (ECF No. 38) is **GRANTED IN PART AND DENIED IN PART** as set forth above. By **January 21, 2015,** the parties shall meet and confer in good faith to jointly submit to the Court a proposed confidentiality and protective order that addresses Defendant's confidentiality concerns. Also by **January 21, 2015,** Defendant shall produce all documents responsive to Document Requests 1, 3 and 4.

---

**3.** In relevant part, Rule 37(a)(5) provides that "[i]f [a discovery] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay for the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).